IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Holly Gress,                            :

    Plaintiff,                      :

  v.                                    :        Case No. 2:07-cv-434

Coshocton County Memorial
Hospital, et al.,                       :        JUDGE SMITH

    Defendants.                     :

## ORDER

This order concerns two pending matters: plaintiff's renewed motion to compel discovery, as amended (#94), and defendants' motions for an extension of time to identify experts (#97 and #100). For the following reasons, the motion to compel will be granted in part and denied in part, and the motions for an extension of time will be granted.

### I. The Motion to Compel

The parties have had a number of disputes concerning discovery, but have resolved many of them through the mandatory meet-and-confer process. Plaintiff filed a motion to compel discovery after one such meeting held on May 19, 2009, in which she alleged two things: that defendants had failed to abide by agreements they made at that meeting concerning producing additional documents and providing dates for depositions, and that they improperly refused to produce two categories of documents. The first withheld category of documents relates to records concerning Dr. Yandam's delivery of other premature babies from May, 2000 to May, 2005. The second is financial records about Coshocton County Memorial Hospital.

In their response, defendants defended their refusal to produce these two categories of documents, claiming privilege as to the first, and lack of relevance as to the second. They also

asserted that they were in the process of complying with the agreements made at the May 19, 2009 meeting as to additional production of documents, and anticipated being in full compliance by sometime in late July. They also offered dates for the depositions requested by plaintiff. Because the reply memorandum filed by plaintiff addresses only the issue of the two withheld categories of documents, the Court assumes that all other issues raised by the motion to compel are now moot, and this order will address only the document issues.

Plaintiff has requested records concerning the delivery of other premature infants to determine if defendants engaged in a practice of providing substandard care in such situations. Defendants assert that, under both Ohio law and HIPPA, these records are privileged. They reject the notion that the identity of the patients named in these records can be fully protected by redacting any identifying information, asserting that by matching the hospital records with public information, such as birth and death records, plaintiff will have no trouble determining the names of the patients. Thus, they claim that there is no way to preserve the applicable privileges other than by refusing to produce the records.

Defendants' objections are based on both Ohio law and HIPPA. Ordinarily, concerns about patient confidentiality under HIPPA are satisfied by redacting identifying information from the records at issue. See Gonzalez v. Choudhary, 2009 WL 1025543, *2 n.3 (D.N.J. April 15, 2009). Ohio law, however, contains stricter provisions concerning the disclosure of information in patient records. See O.R.C. §2317.02, which allows for the disclosure of otherwise privileged medical communications and information only in five specific circumstances, none of which are present here; see also Grove v. Northeast Ohio Nephrology Assoc., 164 Ohio App. 3d 82 (Summit Co. App. 2005). That

statute has recently been interpreted by the Ohio Supreme Court to preclude any discovery of nonparty patient information in a civil lawsuit. Roe v. Planned Parenthood Southwest Ohio Region, ___ N.E.2d ___, *9 (Ohio, July 1, 2009). That court also held that redaction of identifying information does not permit discovery to occur, but rather that such redaction "is merely a tool that a court may use to safeguard the personal, identifying information within confidential records that have become subject to disclosure either by waiver or by an exception." Id. at *10. The court overruled or disapproved of a number of prior decisions which had permitted discovery of nonparty patient records as long as such redactions were made, holding that any additional exceptions to §2317.02 must be created by the Ohio General Assembly and not by the courts. Given this holding, and the fact that in a diversity case such as this, the Court must apply the privilege law of the state under whose law the cause of action arises, see Fed.R.Evid. 501, the Court must hold that plaintiff is not entitled to discover these records, even in redacted format, because they are privileged communications protected from discovery by state law.

The issue of production of the financial records of Coshocton County Memorial Hospital is much easier to resolve. The defendants' only argument against production is that a plaintiff seeking an award of punitive damages does not have to present evidence of a defendant's net worth. However, as plaintiff points out, a party seeking such an award may present such evidence, and it is clearly discoverable in a case where punitive damages are sought. See Svoboda v. Clear Channel Communications, 2003 WL 22739622 (Lucas Co. App. November 14, 2003). Thus, the hospital will be ordered to produce the requested documents.

II. The Motions to Extend

In their motions to extend the dates for identifying their experts, defendants argue that they need more than the original thirty days allotted to identify their experts because plaintiff identified eleven expert witnesses. In response, plaintiff contends that defendants knew in which areas experts would be needed, and that they should have been able to identify all of their experts within thirty days of the time that plaintiff made her designations. The reply brief notes that defendants have been diligent in attempting to identify their witnesses, that some of the plaintiff's experts have not yet provided complete reports, and that no prejudice will result from an extension of the discovery schedule given the lack of a trial date.

The Court agrees with defendants that they have shown good cause to modify the scheduling order. This is not a case which should be resolved on the basis of one party's inability to produce expert reports touching on eleven different subjects within a thirty-day time span. The motions for extension will therefore be granted.

### III. Disposition

For the foregoing reasons, the plaintiff's motion to compel discovery is granted in part as follows. Defendant Coshocton County Memorial Hospital shall produce the requested documents concerning its financial condition within fifteen days of the date of this order. The motion (#94) is denied in all other respects, and all preceding versions of the motion are moot. Defendants' motions (#97 and #100) for an extension of the time for disclosure of expert witnesses are granted. Defendants shall identify their primary experts by September 15, 2009. Any rebuttal opinions or rebuttal experts shall be identified by plaintiffs by November 1, 2009, and any similar opinions or experts shall be identified by defendants by December 15, 2009. All discovery shall be completed by January 31, 2010, and any

summary judgment motions shall be filed by February 28, 2010.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge